Our next case for argument is United States v. Scott. May it please the Court. Mr. Bruni. My name is Joe Bugney. I'm here on behalf of Mr. Scott. The issue here is really whether probable cause that a person has a sexual interest in children equals probable cause that they have a sexual interest in child pornography. The only way that the police officers could get into my client's SD cards and all the storage devices is if that probable cause bridge was linked. First of all, what is our standard of review? The affidavit supporting the warrant said that interest in pedophilia equals interest in child porn, and a judge issued the warrant as requested. So what's our standard of review now? The standard of review of the district court is de novo. The standard of review is whether or not there is a reasonable basis to issue the search warrant. In other words, we're not supposed to be deciding probable cause on our own. You have to persuade us that no reasonable person could think, in light of the affidavit, that there was probable cause. That's the standard we announced in McIntyre. And here, there are three reasons why no one would think that there was probable cause. First, that statement has no proof attached to it, no factual basis. It's just mere statement by the officers. Well, I worry about that a lot. Your brief confidently asserts the opposite and contains the same amount of proof, that is, none. The officer at least said, based on my training and experience, which sounds pretty hollow, but your brief just asserts the opposite without even asserting training and experience. Are there facts about whether people who try to set up assignations with underage kids also go in for child porn? And this is the kind of thing for which there might be an empirical literature. Is there one? There is none, Your Honor. Where I don't stand on... And you know there is none because you've searched or you haven't searched? Yes. That would have been a really helpful fact for us, and so we looked it up earlier. Now, maybe there's been something since we argued the case in the district court. But while I don't have that training experience, what I do have is five circuit courts. I have five courts of this court's peers saying there is no link. When you go from the second... That's crazy. What experience do they have? They have been sitting on that bench and only the best people are chosen to be circuit court judges. No, that's complete nonsense. Judges know only what is in the empirical literature or demonstrated in the record. The point of the five circuits you were identifying made was that there wasn't an affidavit making the link. In this case, there was an affidavit making the link. And you want us to say that the judge who issued the warrant was obliged to treat the affidavit as false, even in the absence of any contrary evidence. That would be quite extraordinary. I don't think that actually your premise is correct. In the Third Circuit, in Johns, they had the affidavit. The statement is made, and they said there's no proof to that statement. There's nothing that allows us to know why that statement would be true. The same was made in the Second Circuit case. And also in, I think it's Houghton, the Sixth Circuit case. Those facts are contained in there, but what is the basis to say this? And the second reason that I would say no court should issue this or no one could believe that this would be a valid warrant is that so much of that evidence and so much of those paragraphs is linked to child sexual exploitation. It's saying, here you go, we have this child pornography. That's what child exploitation is in Wisconsin. It's saying we have people who have interest in child pornography. They keep it. They even cite to this court's decision in Seaver. And so those facts, the affidavit is based upon a boilerplate that they're saying, in this case, just like it is in every other child pornography case, I believe it will still be retained. I believe that he'll keep that because he has an interest in children. There would be no reason for this court to credit that which is the link being based upon old search warrants. Have you done an empirical study of your own? You could go and find all similar affidavits in some court over some period and then look at the return on the search warrant and see how many of them actually filed a return with child porn. I will take that up and see if I can do that with my boss. But I don't know if that empirical study of what happens in the Western District of Wisconsin. It would be too late in this case. There's always going to be another, Your Honor. And in the Western District of Wisconsin. It depends. Depends on what, Your Honor? How we rule in this case. If you rule in this case and you go along with your sister circuits and don't create the circuit split, then the precedent will be clear. You must provide that sort of link or you must actually tailor your allegations in the search warrant to the proof that you have. Well, that assumes that there is equal. What basis? You're not giving us any statistical or studied research that shows there is no connection. And there's nothing in the affidavit that says there is a connection. If the lack of connection has been said in five circuits spanning 20 states, saying that's not good enough, then it would be hard-pressed to say in Wisconsin, you know what, Officer Meyer, in your six months doing these types of cases, based upon that training experience, you were able to fill in what everybody else got wrong. And what the sixth circuit says, hey, there's nothing that says when you have probable cause for sexual abuse of a child, that doesn't mean that you get to go in looking for child's pornography. That's what those cases hold. And that's what the principle is. You have proof for one element or one crime, and you can't then spin it towards a different. There's no case in... Why not? Suppose the affidavit says, based on my training and experience, people who sell illegal drugs out of their home usually have guns there. It's a perfectly ordinary affidavit, and the warrant to search for guns is perfectly ordinary. Are you saying that all of those warrants are invalid because the officer says training and experience rather than introducing an empirical study? I don't think you'd need an empirical study there because the guns would be used to protect the drugs. You say you don't need an empirical study because you probably share the intuition. But whether the intuition is right is itself an empirical question. But the intuition itself is not something that was based upon the facts of this case. Here we have continuing, going over the child exploitation. He's going to take him to his house. Those facts were from other search warrants. And then we allow them to be bled into this one and say, no, that becomes probable cause. But to address your question precisely, Your Honor, is in the gun and drug case we would say we have both this court's case law that says guns and drugs always go together. We would have a huge amount of experience. We'd say guns and drugs, but it would also be part of that crime. That when we're looking for... It's actually not experience. We don't see the false negatives. Correct. That is, we don't see the cases where that kind of affidavit is written and the warrant is issued and the search is executed and the guns are not found. In order to figure out whether that claim is correct as a rule, you need to see both the false positives and the false negatives and where judges are screened from the false negatives. It's a big problem in thinking about this empirically. As are we. I don't mean to beat the dead horse here, but in these cases we have tangential evidence that we would often say that's part of the search warrant. You're always going to grab the ledgers. In a drug case, we're looking for the ledgers and we're looking for the baggies and we're looking for the materials that would be there. In that case, that's all licit. That's all part and parcel of that crime. But here we have what we're looking for is one crime and we're looking for something of distinction. We're looking for something of distinction that we're trying to make them into a different crime that broadens far beyond what the ordinary search would be. If they were only looking for the evidence of child sexual assault, they can't go through every storage device of my clients. They can't comb through the computer. They can't seize everything there and then hopefully stumble upon something. And those are the limits that have to be imposed and the particularity requirement. If they're not imposed, then it becomes the case that in all cases, we say you have an interest in children. Even if it is one like in Griesbach where we'd say that person's a minor. This court ruled in Griesbach, said 16-year-old, bare-breasted, minor, fully naked, that is not going to be enough of a probable cause to look for child pornography. Did your client use Craigslist? He did, Your Honor, yes. What did he do? He posted in the, sorry. Did he solicit sex? With men under 25 years old for role playing. What? Yeah. Okay. No, go ahead. No, that's right. He was often on there. The posts that were there are from my client. So if there are no further questions. Mm-hmm. Certainly, counsel. Ms. Finn. Thank you. May it please the court. The defendant argues that the only justification to search the storage media of Mr. Scott's is if there's probable cause to believe that those storage medias would contain child pornography. But that's not the only justification. The defendant ignores the totality of the circumstances and really urges this court to do a sort of divide and conquer. Well, what kind of totality is there other than the inference that pedophiles also have child porn? What we have is two weeks in December of 2014 where Scott was communicating with a person he thought was a 14-year-old boy. That culminated in Scott traveling. So we know he's a pedophile. That's fine. And during. What is the basis for thinking that pedophiles collect child porn? There's a basis. Now, maybe there's an empirical sample of things somehow. The affidavit certainly didn't describe the basis. Training and experience is just take it. Believe me. You should believe me. I'm a believable fellow. And if that's all there was, that may be more problematic. However, here Mr. Scott asked three different times during a two-week period for pictures of the person he thought was a 14-year-old boy. At his first question, the boy, who's obviously not a 14-year-old boy, said, No, I don't want to because I'm only 14. The defendant responded by sending him a picture of an adult male in a yellow shirt, naked from the waist down, exposing his penis. That same day he asked again for the kid to send a picture of himself in boxers, naked from the waist up. In response to the kid not sending a picture, the defendant then asked for another picture. Okay, send me a picture of you in tight shorts with an erection. In response to the kid not sending a picture, the defendant sends a picture of an adult male on a maroon bedspread with an exposed penis engaged in a sexual act. At the very least, there's probable cause to search the defendant's home for the images that the defendant sent. That is, of the adult male with only clothing on the top to see if they could find those images. Once you can search for those images, you can search the storage devices, you can search the computers, and you can search for other images of other 14-year-old boys or minors that the defendant may have been seeking out on Craigslist. Because remember, the other thing that's in this affidavit is the fact that on at least 62 occasions in the four months preceding this meeting, the defendant posted sexual ads seeking males under the age of 25 who would be interested in a father figure, role playing with a father of a friend, or a teacher. At least one other occasion we've got him talking with another undercover officer who he thought was 14. There's probable cause to believe that he's got images of other kids, kids who responded to those ads previously. They don't have to be erotic images, they don't have to be child pornography, but they are evidence. They're evidence of the defendant's child exploitation, his solicitation of minors to engage in sex. And in fact, the ads themselves support that notion because in each ad, he asks for pictures. He says he can host. Again, he uses the term father figure, teacher and friend's dad. So we know that he's looking for young males to engage in sex with, and we know he's looking for pictures. You can look for those pictures at the defendant's home. The district court judge gave the due deference that he was supposed to to the issuing judge. He considered the totality of the circumstances and thought that, look, based on the defendant's statement, that he talked to the kid on a computer and the fact that he was engaged in this sexual discussion and the sensitive nature of the pictures all pointed to the probability that at least some of this would be taking place in the defendant's home. I think the phrase used in the defendant's brief is searching for a canary's corpse in the cupboard. We were in the cupboard where we are allowed to be, and at that point there could be child pornography there, and in this case there was. I also think, Your Honor, if I recall correctly. Was there any contest with regard to the agent's training and experience? No. I mean, he does have that training and experience. Did the defendant or anyone claim that training and experience wasn't enough? Only in the sense that if that's all there was, it wouldn't be enough. And, you know, the other cases that they cite, the five others. What if that's all there was? I said what? I'm sorry. Was there argument that that is not sufficient in and of itself to support the obtaining of a warrant? I think the defendants made that argument, certainly. And certainly by citing the five cases that they cite from the other circuits, that was the issue in those cases. That is, if this is the only thing, that's not enough. But in those cases, the courts do recognize, as this court does, that, wait a second, it might be true, but you've got to give us more than that. I do recall in Reikling there was a citation to Anderson, which is unpublished, that talks about a 2012 sentencing commission study that did find that there were images present more often than not in production cases, but I don't recall that site completely. I'd be happy to submit something to the court if the court would like. The bottom line here, though, is there's probable cause to search Mr. Scott's home for the clothing he was wearing in the images, the sex devices in the images, the ads, the chats, the pictures, and not just pictures of the defendants, but the pictures of potential other victims. Once you're there, you're in the spot you're allowed to be, and there's nothing wrong with this warrant. In any event, if this court finds that there was improbable cause, certainly all these things add up to good faith in this case, and the government respectfully requests this court affirm the district court's order. Thank you. Mr. Bargnay, you are down to eight seconds, but I'll give you an extra whole minute. Thank you, Your Honor. Very kind. To answer the questions, the posts were for 25-year-olds and under. It was in an 18-and-older website, Men for Men Casual Encounters. So this wasn't targeting children. The second point is every picture he asked for was what would be constituted child erotica, nothing of child pornography. If it was, we're not here. But you can't blur the line and say it's sexually explicit. It shows something. It shows an interest. Greasebox, very clear. Sexually explicit over here, child pornography over there, and never the twain shall meet. Because one is protected and one isn't. And so long as he doesn't go over here, then the search warrant doesn't issue. And the third point is, Your Honor, that six months that Agent Meyer is for the training and experience isn't enough. It's not enough to just say, if, say, Dixit, that I believe this. There has to be more. And that's what those cases stand for. And I just ask. Why? What? Why? Because merely asserting without a factual basis is never enough. Well, contest it then in that way. Well, there would be no avenue of a Franks hearing. It's not something that's knowingly false. There wouldn't be, like, an opportunity for us to say, can we cross-examine Agent Meyer and put him up here? And we really want to get to the bottom of this and hear more upon that. You know, we challenge, if you look closely at our pleadings, we said we want a Franks hearing if you're going to argue or stand on, hey, he tried to bring him back to the house or the IP address. It was a very sloppy search warrant. And so we asked for it in that regard. There is no avenue, at least under the Fourth Circuit or the Supreme Court precedent, this Court's precedent, that allows us to say, hey, we really want to just cross-examine this guy, short of trial. If you want to make that precedent, we would welcome it. But we just ask that you join the other five circuits and reverse. Thank you, Your Honor. Thank you, counsel. The case is taken under advisement.